## Haschak v. Escapade, Inc.

*Martin Cohen*, for petitioner.
*John D. DiGiacomo*, for respondent.

FRANCIOSA, *J.*, January 8, 1980—On September 23, 1977, a complaint was filed by plaintiff, petitioner herein, against defendants for damages resulting from the death of Steven Haschak, which death was allegedly caused by the acts of defendants. After trial by jury, a verdict for plaintiff in the amount of $100,000 was awarded on May 30, 1979. On September 4, 1979, plaintiff filed a petition requesting this court to impose upon respondent, Escapade, Inc., damages for delay pursuant to Pa.R.C.P. 238.

This petition is without merit. The rule allowing damages for delay was adopted on November 20, 1978, and became effective 120 days after December 16, 1978, which would have been April 15, 1979. The rule provides in part that:

"(f) If an action is pending on the effective date of this rule . . . damages for delay shall be computed from the date plaintiff files the initial complaint or from a date one year after the accrual of the cause of action, or from a date six (6) months after the effective date of this rule, whichever date is later." Pa.R.C.P. 238(f). The rule further provides that the court shall: "(2) [C]ompute the damages for delay from the date the plaintiff filed the initial complaint in the action or from a date one year after the accrual of the action, whichever is later, *up to the date of the award, verdict or decision.*" Pa.R.C.P. 238(a)(2). (Emphasis supplied.)

Thus, in this case, under Rule 238(f), damages for delay cannot begin to accrue until October 15, 1979. However, the event which terminates the accrual of the damages, i.e., the verdict, came to

pass four and one-half months prior to that date. Obviously, the computation mandated by subsection(a)(2), supra, cannot be made. And, a reading of the rule clearly indicates that the court was not provided with the power to adopt alternative methods for calculating damages for delay. Accordingly, we conclude that Rule 238 has no application to this case.

Respondent has requested that it be allowed counsel fees in this case, and cites 42 Pa.C.S.A. §2503(9), which allows counsel fees when the conduct of another party in commencing a matter or otherwise is arbitrary, vexatious and in bad faith. Although we have determined this petition to be without merit, we cannot say that it was filed arbitrarily or otherwise in violation of the above-cited section. Rule 238 is recent, and there is little or no appellate authority construing or interpreting it. We cannot deem petitioner's conduct or that of her counsel to be arbitrary or vexatious merely for urging upon us an interpretation of the rule which would benefit them and which has not been precluded by any appellate decisions in this Commonwealth. Accordingly, respondent's request for counsel fees in this matter is denied and dismissed.

In accordance with the foregoing opinion, we enter the following

## ORDER

And now, January 8, 1980, it is hereby ordered, adjudged and decreed that:

(1) Plaintiff's petition for damages for delay pursuant to Pa.R.C.P. 238 is hereby denied and dismissed.

(2) Respondent's request for counsel fees pursuant to 42 Pa.C.S.A. §2503(9) is denied and dismissed.